IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Brett Filous A 700744** <br> c/o Richland Correctional Institution <br> 1001 Olivesburg Rd. <br> Mansfield, Ohio 44905 <br><br> Plaintiff, <br><br> vs. <br><br> **Sgt. Alan Dunbar,** <br> In his Individual and Official Capacity <br> c/o Ohio State Highway Patrol <br> 3941 Franz Rd. <br> Medina, Ohio 44256 <br><br> and <br><br> **Trp. Chad Schell** <br> In his Individual and Official Capacity <br> c/o Ohio State Highway Patrol <br> 3941 Franz Rd. <br> Medina, Ohio 44256 <br><br> and <br><br> **Unnamed Canine Police Officer,** <br> In his Individual and Official Capacity <br> c/o his Handler Tpr. Chad Schell <br> Ohio State Highway Patrol <br> 3942 Franz Rd. <br> Medina, Ohio 44256 <br><br> and <br><br> **Sgt. Blubaugh** <br> In his Individual and Official Capacity <br> c/o Wadsworth Police Department <br> 120 Maple St. <br> Wadsworth, Ohio 44281 <br><br> and | ) CASE NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <u>**COMPLAINT**</u> <br> ) <br> ) <br> ) **CIVIL RIGHTS VIOLATIONS** <br> ) **(42 U.S.C §§1981 and 1983)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ASSAULT AND BATTERY/** <br> ) **USE OF EXCESSIVE FORCE** <br> ) <br> ) <br> ) <br> ) **INTENTIONAL AND/OR** <br> ) **NEGLIGENT INFLICTION OF** <br> ) **EMOTIONAL DISTRESS** <br> ) <br> ) <br> ) <br> ) <br> ) **JURY DEMAND** <br> ) **ENDORSED HEREON** <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| **Sgt. English** | ) |
| In his Individual and Official Capacity | ) |
| c/o Medina County Sheriff | ) |
| 555 Independence Dr. | ) |
| Medina, Ohio 44256 | ) |
| | ) |
| **Officer Scott Philips** | ) |
| c/o Seville Police Department | ) |
| 120 Royal Crest Dr. | ) |
| Seville, Ohio 44273 | ) |
| | ) |
| **John Doe Defendants** | ) |
| **Unknown Assisting Officers 1-10** | ) |
| Names and Addresses unknown | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This is an action for relief brought pursuant to the Civil Rights Act, 42 U.S.C. §§1981 and 1983 and the Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Ohio, against Ohio State Highway Patrol Officer Sgt. Alan Dunbar, (hereafter "Sgt. Dunbar"), Ohio State Highway Patrol Officer Trp. Chad Schell (hereafter "Trp. Schell"), Ohio State Highway Patrol Unnamed Canine Police Officer (hereafter Unnamed Canine Officer), Wadsworth Police Department Officer Sgt. Blubaugh (hereafter Sgt. Blubaugh), Medina County Sheriff Sgt. English (hereafter Sgt. English), Officer Scott Philips, Seville Police Department, John Doe Defendants, Unknown Assisting Officers, (hereafter Unknown Assisting Officers) jointly and severally in their individual and official capacities.

## OPERATIVE FACTS

2. At all times relevant, Plaintiff was an adult male who lived at 7268 Buffham Rd., Seville, Ohio, Medina County, Ohio.

3. On or about March 30, 2016, in response to an armed robbery the suspect (the Plaintiff) was identified as driving a silver colored Ford Explorer northbound on Wooster Pike.

4. Patrolman Fockler in responding to the reported robbery traveled northbound on Wooster Pike and observed a silver colored Sports Utility Vehicle turning right onto the entrance ramp to I-76. He eventually effected a traffic stop on I-76 just west of SR 3 in Seville.

5. Along with Sgt. Phillips Patrolman Fockler took a felony stop approach toward the vehicle wherein Ptl. Fockler utilized the emergency external public announcement system to acknowledge their presence to the driver (the Plaintiff) of the suspected vehicle, to provide commands and instructions while Sgt. Phillips called for additional assistance.

6. Eventually other assisting agencies arrived on the scene specifically, the Ohio State Highway Patrol, Wadsworth Police Department, Medina County Sheriff Department and the Montville Police Department. Through their joint efforts the scene was secured and all means of escape were closed which included the deployment of chain spikes.

7. The driver (Plaintiff) made no attempt to acknowledge the communications nor did he comply with any of Ptl. Fockler's demands.

8. Eventually the driver's side door opened and the Plaintiff stepped out. Initially, the Plaintiff refused commands to raise/show his hands and instead began to urinate in the doorway of the vehicle. At one point, in response to ongoing orders to raise his hands, the Plaintiff raised them where it was observed that he wasn't holding anything in them.

9. As the Plaintiff was urinating Defendant Sgt. Dunbar rushed the Plaintiff and tackled him.

10. At the same time at least two officers from multiple agencies engaged with the Plaintiff.

11. Trp. Schell while engaging with the Plaintiff allowed the unnamed canine officer to attack the Plaintiff both near his head and neck and his calf muscles causing the Plaintiff to suffer injuries as he was lying face down on the street.

12. At the same time, while the Plaintiff was face down, Scott Philips of the Seville Police Department, repeatedly punched the Plaintiff in the head.

13. At the same time, while the Plaintiff was still lying face down, the John Doe Defendants, the other Unknown Officers, engaged in the fray taking their opportunity to get their licks in.

14. Ptl. Blubaugh applied a drive stun to the Plaintiff's right tricep before doing it again, at the request of Sgt. English, for approximately three seconds to the Plaintiff's exposed waist line. Th final drive stun applied by Ptl. Blubaugh was for 2-3 seconds on the Plaintiff's trapezoid. All of these drive stuns were applied to the Plaintiff while he was helpless and lying face down on the street.

15. The Plaintiff was arrested and eventually transported to Medina General Hospital for evaluation.

## JURISDICTION

16. The jurisdiction of this Court over the subject matter of this action is conferred pursuant to 42 U.S.C.A. §§1981 and 1983 *et seq.;* the Judicial Code, 28 U.S.C. §§1331 and 1391; the Constitution of the United States, and pendent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has pendent and supplemental jurisdiction over all state claims.

## VENUE

17. The unlawful actions alleged in this Complaint have taken placed within the jurisdiction of the United States District Court for the Northern District of Ohio. Venue is proper under 28 U.S.C.A. §1391(b).

## PARTIES

18. Plaintiff Brett Filous is a Caucasian male and was at all times relevant a citizen of the United States of America and a resident of the City of Seville, Medina County, State of Ohio.

19. Defendant Sgt. Dunbar was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Ohio State Highway Patrol. The actions of Defendant Sgt. Dunbar which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Sgt. Dunbar is a resident of Medina County, Ohio.

20. Defendant Trp. Chad Schell was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Ohio State Highway Patrol. The actions of Defendant Trp. Chad Schell which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Sgt. Dunbar is a resident of Medina County, Ohio.

21. Defendant Unnamed Canine Officer was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Ohio State Highway Patrol. The actions of Defendant Unnamed Canine Officer which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued

individually and in his official capacity. Upon information and belief, Unnamed Canine Officer is a resident of Medina County, Ohio.

22. Defendant Ptl. Blubaugh was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Wadsworth Police Department. The actions of Defendant Ptl. Blubaugh which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Ptl. Blubaugh is a resident of Medina County, Ohio.

23. Defendant Sgt. English was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Medina County Sheriff Department. The actions of Defendant Sgt. English which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Sgt. English is a resident of Medina County, Ohio.

24. The John Doe Defendant, the Unknown Officer/Deputy/Trooper was employed by a law enforcement force and was at all times mentioned, acting under the color of law and his actions which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon reasonable information and belief, this John Doe Defendant the Unknown Officer/Deputy/Trooper is a resident of Medina County, Ohio. This Defendant will be identified through discovery by the time of trial, and leave will be requested to amend this Complaint to state the Doe Defendant's true identities.

25. The John Doe Defendants, the Unknown Assisting Officers were employed by a law enforcement force and was at all times mentioned, acting under the color of law and his actions which are the subject of this lawsuit were undertaken in the regular course of his

employment. They are sued individually and in their official capacity. Upon reasonable information and belief, the John Doe Defendants, the Unknown Assisting Officers are residents of Medina County, Ohio. Theses Defendant will be identified through discovery by the time of trial, and leave will be requested to amend this Complaint to state the John Doe Defendants' Unknown Assisting Officer's true identities.

## FIRST CAUSE OF ACTION

## ASSAULT AND BATTERY AND USE OF EXCESSIVE FORCE

26. Plaintiff incorporates paragraphs 1 through 25 as though fully set forth here at length.

27. Plaintiff Filous alleges that on March 30, 2016, the Defendants brutally assaulted and battered the Plaintiff Brett Filous as set forth above.

28. The excessive force used by Defendant(s) was entirely unjustified by any action of the Plaintiff and constituted unreasonable use of excessive and gratuitous force in violation of Brett Filous's Davis' clearly established constitutional rights pursuant to 42 U.S.C. §1983.

29. All of the Defendant aided, abetted, encouraged, conspired with and/or acted in joint concert with Defendant Dunbar to cause the injuries to Plaintiff Brett Filous.

30. The assault and battery of Plaintiff Brett Filous by the Defendants as described herein directly and proximately caused Plaintiff Brett Filous to suffer substantial physical and psychological pain, the effects of which still and will continue to affect Plaintiff Brett Filous in the future. The assault and battery upon Filous's person by these named Defendants, acting alone and in concert with one another, occurred while all were acting within the scope of their employment and under color of law, violated rights secured to Filous by the Eighth and

Fourteenth Amendments to the United States Constitution which prohibit cruel and unusual punishment. Defendants are jointly and severally liable to Filous for his damages.

## SECOND CAUSE OF ACTION

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff realleges paragraphs 1 through 30 as though fully set forth here at length.

32. Plaintiff Brett Filous suffered severe emotional distress whether intentionally inflicted or negligently inflicted as a result of the acts of the Defendants as described above.

33. As a result thereof, Plaintiff Brett Filous suffered damages for intentional and/or negligent infliction of emotional distress as set forth above.

## THIRD CAUSE OF ACTION

## WANTON AND RECKLESS CONDUCT

34. Plaintiff realleges paragraphs 1 through 33 as though fully set forth here at length.

35. The foregoing constitutes wanton and reckless conduct for which all Defendants are liable to Plaintiff in that each Defendant individually and collectively was careless, heedless, indifferent and/or malicious and/or willful in their failure to perform their duties and responsibilities toward the Plaintiff thereby individually and collectively causing the injuries and indignities suffered by the Plaintiff.

36. As a direct and proximate result of said wanton and reckless conduct, Plaintiff suffered the injuries and damages previously alleged and Defendants are individually, jointly and severally liable to Plaintiff.

## ADDITIONAL CLAIMS

37. Plaintiff realleges paragraphs 1 through 36 as though fully set forth here at length.

38. Plaintiff hereby gives notice that they may present additional claims that become available during the discovery proceedings in this case, and hereby reserves the right to amend their Complaint and assert such claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, individually, jointly and severally, as follows:

(1) An award of compensatory damages in favor of Plaintiff and against every Defendant, in their official and individual capacities individually, jointly and severally in an amount in excess of Two Million Dollars ($2,000,000.00) to be determined at trial for physical and extreme mental injuries, great pain and suffering, damages and losses;

(2) Punitive damages against each of these Defendants, individually, jointly and severally, the exact amount to be proved at trial;

(3) Costs of this litigation;

(4) Pre-judgment and post-judgment interest;

(5) Attorney fees incurred by the Plaintiff pursuant to 42 U.S.C. §1988 and;

(6) Such other and further relief as this Court deems proper.

Respectfully submitted,

_____
David V. Gedrock (0016542)
46 Public Square, Suite 210
Medina, Ohio 44256
330-723-4947
330-764-9739 fax
Dgedrock@gmail.com

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of his peers made up of the maximum number of jurors allowed by law.

_____
David V. Gedrock
Counsel for Plaintiff