| | | |
|---|---|---|
| **Brett Filous,** | ) | **CASE NO. 1:18 CV 626** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Sgt. Alan Dunbar, et al.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

### <u>Introduction</u>

This matter is before the Court upon defendants Dunbar and Schell's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon Which Relief Can be Granted (Doc. 14). This is a § 1983 case alleging excessive force. For the following reasons, the motion is GRANTED.

### <u>Facts</u>

Plaintiff Brett Filous filed this Complaint against defendants Ohio State Highway Patrol Sgt. Alan Dunbar, Ohio State Highway Patrol Trooper Chad Schell, Wadsworth Police Sgt. Blubaugh, Medina County Sheriff Sgt. English, Seville Police Officer Scott Phillips, and John Doe Defendants.[1] Dunbar and Schell are sued in their individual and official capacities in their employment with the Ohio State Highway Patrol. The Complaint alleges the following facts.

---

[1] Unnamed Canine Police Officer was also named but subsequently dismissed.

At all relevant times, plaintiff lived in Seville, Ohio which is located in Medina County. On March 30, 2016, Patrolman Fockler (not a named defendant), "in response to an armed robbery," observed plaintiff who was operating a silver colored Sports Utility Vehicle. Fockler made a traffic stop of plaintiff. Along with Phillips, Fockler "took a felony stop approach toward the vehicle." Fockler utilized the emergency external public announcement system to acknowledge the officers' presence to plaintiff and to provide commands and instructions. Phillips called for additional assistance. The Ohio State Highway Patrol, Wadsworth Police Department, Medina County Sheriff Department, and the Montville Police Department arrived on the scene. Through their joint efforts, the scene was secured and all means of escape were closed. Chain spikes were deployed. Plaintiff made no attempt to acknowledge Fockler's communications or to comply with his demands. Eventually, the driver's side door of the vehicle opened and plaintiff stepped out. He refused commands to raise or show his hands. Instead, he began to urinate in the doorway of the vehicle. At one point, in response to ongoing orders to raise his hands, plaintiff did raise his hands wherein it was observed that he was not holding anything. As plaintiff was urinating, Dunbar rushed and tackled him. At the same time, at least two officers engaged with plaintiff. Schell allowed a canine officer to attack plaintiff. While plaintiff was face down, Phillips repeatedly punched plaintiff in the head. John Doe officers engaged in the fray. Blubaugh applied a stun gun to plaintiff three times while he lay face down. Plaintiff was eventually arrested and transported to Medina General Hospital.

The Complaint sets forth three claims. Count One alleges assault and battery, and the use of excessive force under § 1983 in violation of the Eighth and Fourteenth Amendments. Count Two alleges intentional and/or negligent infliction of emotional distress. Count Three alleges wanton and reckless conduct.

This matter is now before the Court upon defendants Dunbar and Schell's Partial Motion to Dismiss.

## Discussion

Defendants move to dismiss the state law claims asserted against them for lack of subject matter jurisdiction because the law requires that the Ohio Court of Claims first determine that these employees of the State of Ohio are not entitled to immunity. Plaintiff expressly consents to the dismissal of the state law tort claims brought against Dunbar and Schell. (Doc. 24 at 5) Accordingly, the state law tort claims against these defendants are dismissed.

Defendants additionally move to dismiss the § 1983 claim brought against them in their official capacities because a state official may be sued in his official capacity only for injunctive relief and not for money damages. *Ex Parte Young*, 209 U.S. 123 (1908). The Complaint seeks only compensatory and punitive damages, and does not ask for injunctive relief. Defendants specifically state that they are not requesting that the § 1983 claim brought against them in their individual capacities be dismissed. (Doc. 14 at f.n. 1) In his response, plaintiff acknowledges that the official capacity claim against Dunbar and Schell is barred, but argues that the individual capacity claim is still viable. (Doc. 24 at 5, 6) However, as discussed, defendants moved to dismiss the official capacity claim only and not the individual capacity claim. Because dismissal of the official capacity claim is warranted, the motion is granted.

## Conclusion

For the foregoing reasons, defendants Dunbar and Schell's Partial Motion to Dismiss is granted. The state law claims and official capacity § 1983 claim against these defendants are

3

dismissed.  Only the § 1983 individual capacity claim against Dunbar and Schell remains

pending.

IT IS SO ORDERED.


           /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Court
          Chief Judge

Dated: 6/26/18